IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CARPENTERS PENSION FUND OF ILLINOIS and CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS<br><br>Plaintiffs,<br><br>v.<br><br>HENRY NELCH & SON CO.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.   15-3305<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME Plaintiffs, CARPENTERS PENSION FUND OF ILLINOS *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the Defendant, HENRY NELCH & SON CO., and allege as follows:

### COUNT I

### CARPENTERS PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINIOS
### Delinquent Contributions

1.   This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2.   Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.  (*See* 29 U.S.C. §1132).

3.   Plaintiffs, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, are employee benefit funds maintained in accordance with the provisions of

ERISA and the LMRA, and administered pursuant to the terms and provisions of Agreements and Declarations of Trust, as amended and restated (the "trust agreements").

4. A copy of the Plaintiffs' trust agreements are attached hereto as Exhibits "A" and "B", and are fully incorporated herein and made a part hereof by this reference.

5. Plaintiffs receive contributions from numerous employers, and therefore, are multiemployer plans. (*See* 29 U.S.C. §1002).

6. Plaintiffs provide retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Plaintiffs on behalf of their employees.

7. The Defendant is a revoked Illinois corporation previously doing business in Illinois.

8. Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

9. The business address for Defendant is believed to be 800 South 9th Street, Springfield, Illinois.

10. Defendant is a party to an agreement with the Mid-Central Illinois Regional Council of Carpenters (the "Recognition Agreement"), a true and accurate copy of which is attached hereto as Exhibit "C" and fully incorporated herein and made a party hereof by this reference.

11. Defendant is bound by the collective bargaining agreement between Central Illinois Builders of A.G.C. Greater Peoria Contractors and Suppliers Association, Inc. and Mid-Central Illinois Regional Council of Carpenters, a true and accurate copy of which is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

12. Defendant is bound by the provisions of Plaintiffs' trust agreements.

13. Defendant is required under the collective bargaining agreement and trust agreements, to report hours worked by its employees and make prompt payment of the fringe benefit contributions owed to the Plaintiffs.

14. Pursuant §1145 of ERISA, the Defendant is required to pay fringe benefit contributions to the Plaintiffs in accordance with the terms and conditions of the trust agreements. (*See* 29 U.S.C. §1145).

15. Defendant reported hours worked by its employees during the time period of August of 2013, and June through November of 2014 (Copies of Defendant's contribution reports are attached hereto as Exhibit "E").

16. Defendant paid some, but not all of the contributions that were owed to Plaintiffs for the hours of work performed during the time period of August of 2013, and June through November of 2014.

17. Pursuant to Defendant's self-reporting of hours, Defendant owes Plaintiffs, after all just credits, the sum of $8,516.85 in contributions for covered work performed by Defendant's employees during the time period of August of 2013, and June through November of 2014 (*See* Exhibit "F").

18. Defendant breached the provisions of the collective bargaining agreement and trust agreements by underpaying the fringe benefit contributions that were owed to the Plaintiffs for hours of work by its employees during the time period of August of 2013, and June through November of 2014.

19. Pursuant to the terms of the collective bargaining agreement and trust agreements, the Defendant is liable for liquidated damages, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

20.     Pursuant §1132(g)(2) of ERISA, Defendant is liable for liquidated damages, interest, and the reasonable attorneys' fees incurred by Plaintiffs in the collection of delinquent contributions.

WHEREFORE, Plaintiffs pray as follows:

A.     That judgment is entered in favor of Plaintiffs and against Defendant in the sum of $8,516.85;

B.     That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due and owing to Plaintiffs at the time Judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and attorneys' fees and costs;

C.     That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

D.     That Defendant is decreed to pay all costs attendant to these proceedings;

E.     That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreements, the trust agreements or as is otherwise just and equitable.

CARPENTERS PENSION FUND OF ILLINOS *et al*., Plaintiffs,

By:     s/ John P. Leahy
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com